ADAM J. STEWART (State Bar No. 167403)
LAWRENCE T. NIERMEYER (State Bar No. 157440)
LAW OFFICES OF MOORAD, CLARK & STEWART
1420 F STREET, SECOND FLOOR
MODESTO, CA 95354
Telephone:   (209) 526-0522
Facsimile:   (209) 526-4703
E-Mail: lniermeyer@mooradclarkstewart.com

Attorney for Plaintiff: Sandra Lee Rahn

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| SANDRA LEE RAHN<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF ATWATER, LORI WATERMAN, CHIEF MICHAEL SALVADOR, OFFICER EVAN PITNEY, ATWATER POLICE DEPARTMENT, and DOE 1 to 50,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

This action involves the infringement and denial of Plaintiff's civil and constitutional rights by law enforcement while under the color of state law and employed by the CITY OF ATWATER, ATWATER POLICE DEPARTMENT, Chief of Police MICHAEL SALVADOR and Officer EVAN PITNEY. The complained of actions taken by Defendants MICHAEL SALVADOR and EVAN PITNEY were performed at the request, direction, and for the sole benefit of the Atwater City Manager, Defendant LORI WATERMAN, in her individual capacity, and were directed towards Plaintiff, a resident/tenant of real property owned by Defendant LORI WATERMAN.

1

## JURISDICTION & VENUE

1. This Court has jurisdiction over the federal claims asserted herein pursuant to 28 U.S.C. § 1331 (in that they arise under the United States Constitution); 28 U.S.C. § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities protected by the U.S. Constitution). This Court has supplemental jurisdiction of the state law claims under 28 U.S.C. § 1367.

2. Venue is proper in the United State District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and because many of the acts and/or omissions described herein occurred in the Eastern District of California.

3. Intra-district venue is proper in the Fresno Division of the Eastern District of California pursuant to E.D. Cal. L.R. 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of Stanislaus, California.

## EXHAUSTION-GOVERNEMENT CLAIM REJECTED

4. Plaintiff SANDRA LEE RAHN submitted a government claim to the CITY OF ATWATER regarding the claims asserted herein personally served on May 5, 2021. Those claims were rejected on June 23, 2021.

## PARTIES

5. Plaintiff SANDRA LEE RAHN is a resident of the State of California, County of Stanislaus, in her individual capacity.

6. Defendant CITY OF ATWATER is a "public entity" within the definition of Cal. Gov. Code § 811.2.

7. Defendant ATWATER POLICE DEPARTMENT is a "public entity" within the definition of Cal. Gov. Code § 811.2.

8. Defendant EVAN PITNEY, (hereinafter "PITNEY") is, and at all times material herein was, a law enforcement officer for Defendants CITY OF ATWATER and ATWATER POLICE DEPARTMENT, acting within the scope of that employment. Defendant EVAN PITNEY is sued in his individual capacity.

2

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Sandra Lee Rahn v. City of Atwater, et al.*

9. Defendant MICHAEL SALVADOR, (hereinafter "SALVADOR"), is, and at all times material herein was, a law enforcement officer and the Chief of Police for Defendants CITY OF ATWATER and ATWATER POLICE DEPARTMENT, acting within the scope of that employment. Defendant MICHAEL SALVADOR is sued in his individual capacity.

10. Defendant LORI WATERMAN, (hereinafter "WATERMAN") is, and at all times material herein was, the City Manager for Defendant CITY OF ATWATER, acting within the scope of that employment. Defendant LORI WATERMAN is sued in her individual capacity.

11. Defendants DOES 1 to 50 are and/or were agents or employees of Defendants CITY OF ATWATER and/or ATWATER POLICE DEPARTMENT and acted within the scope of that agency or employment and under color of state law. The true and correct names of Defendants DOES 1 to 50 are not now known and, as a result, they are sued by their fictitious names and true and correct names will be substituted when ascertained.

## GENERAL ALLEGATIONS

12. At all times relevant herein, all wrongful acts described herein by SALVADOR and PITNEY were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

13. At all times herein mentioned, Plaintiff was the tenant of Defendant WATERMAN, lived in the residence located at 3064 Waterfall Drive, Atwater, California, and had the legal right to possess and exclude all others from her residence.

14. On November 17, 2020, Defendant WATERMAN went to Plaintiff's residence, located at 3064 Waterfall Drive, Atwater, California with the intent of forcing Plaintiff to allow an agent of WATERMAN'S, a real estate appraiser, to enter the premises and perform services exclusively for the benefit of WATERMAN and absent any connection, involvement, or business associated with or concerning Defendant CITY OF ATWATER.

15. Based on Covid 19 restrictions and the recent death of her husband, Plaintiff declined the demands of WATERMAN and refused to allow WATERMAN and/or her agent access to and/or entrance into Plaintiff's residence. But instead requested that WATERMAN and her agent schedule the appointment and have access to the residence on a future date.

3

16. On November 17, 2020, at approximately 2:15 p.m. and after being summoned by WATERMAN, Defendant SALVADOR, arrived at Plaintiff's residence in full uniform of the Atwater Police Department. Upon his arrival and at the direction of WATERMAN, absent any city municipal business and/or law enforcement function or involvement, SALVADOR proceeded to harass, annoy, verbally assault, accuse, and threaten Plaintiff, by way of intimidation, for the sole purpose of making Plaintiff agree and allow WATERMAN and/or her agent to enter Plaintiff's residence for the purpose of inspecting the residence in connection with a private "non-city" related transaction between WATERMAN and Plaintiff. Said actions by WATERMAN and SALVADOR were intentional and so performed to interfere with and cause disruption to Plaintiff's right to the peaceful enjoyment of her residence.

17. On November 18, 2020, at approximately 2:45 p.m. WATERMAN returned to Plaintiff's residence, once again with the agenda and/or intent of forcing Plaintiff to allow WATERMAN and/or her agent, a real estate appraiser, to enter the premises. At that time, WATERMAN proceeded to scream at Plaintiff that WATERMAN'S inspection was going to happen that day and threatened Plaintiff with her, (WATERMANS), "connections" within the Atwater Police Department if Plaintiff did not allow the inspection. In response, Plaintiff politely declined to allow entrance to her residence.

18. On November 18, 2020, at approximately 3:00 p.m. and after being summoned by WATERMAN, Defendant PITNEY, arrived at Plaintiff's residence in full uniform of the Atwater Police Department. Upon his arrival and at the direction of WATERMAN, absent any city municipal business and/or law enforcement function or involvement, PITNEY insisted that Plaintiff allow WATERMAN'S agent into the residence and upon Plaintiffs' refusal PITNEY proceeded to harass, annoy, verbally assault, accuse, and threaten Plaintiff, by way of intimidation, for the sole purpose of making Plaintiff agree and allow WATERMAN and/or her agent to enter Plaintiff's residence for the purpose of inspecting the residence in connection with a private "non-city" related transaction between WATERMAN and Plaintiff. Said actions by WATERMAN and PITNEY were intentional and so performed to interfere with and cause disruption to Plaintiff's right to the peaceful enjoyment of her residence.

## FIRST CLAIM

### *Unreasonable Force*

### *(Fourth and Fourteenth Amendment of the U.S. Constitution; 42 U.S.C. § 1983)*

19. The First Claim is asserted by Plaintiff against Defendants ATWATER POLICE DEPARTMENT, MIACHAEL SALVADOR, EVAN PITNEY, and DOES 1 to 20.

20. Plaintiff realleges and incorporates the allegations of the preceding paragraphs 1 to 18, to the extent relevant, as if fully set forth in this Claim.

21. Defendants MIACHAEL SALVADOR, EVAN PITNEY and DOES 1 to 20, acting or purporting to act in the performance of their official duties as law enforcement officers, used excessive and unreasonable force against Plaintiff, or failed to intercede and/or were integral participants to the use of excessive and unreasonable force against Plaintiff, in violation of her rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

22. Defendants MIACHAEL SALVADOR, EVAN PITNEY, and DOES 1 to 20 actions against Plaintiff intruded on Plaintiff's privacy, interfered with Plaintiff's liberty and were a meaningful interference with Plaintiff's possessory interests in the residence which implicated Plaintiff's Fourth Amendment rights.

23. Defendants MIACHAEL SALVADOR, EVAN PITNEY, and DOE 1 to 20, actions and inactions were willful, wonton, intentional, motivated by evil motive or intent, and involved reckless or callous indifference to Plaintiff's rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution, or were wantonly or oppressively done.

24. As a direct and proximate result of Defendants MIACHAEL SALVADOR, EVAN PITNEY, and DOE 1 to 20's actions and inactions, Plaintiff suffered injuries entitling Plaintiff to receive compensatory damages against Defendants ATWATER POLICE DEPARTMENT, MIACHAEL SALVADOR, EVAN PITNEY, and DOES 1 to 20, and punitive damages against Defendants LORI WATERMAN, MIACHAEL SALVADOR, EVAN PITNEY and DOES 1 to 20.

WHEREFORE, Plaintiff prays for relief as hereunder appears.

## SECOND CLAIM

### Unreasonable Force

### (Article I, § 13 of the California Constitution; Cal. Gov. Code §§ 815.2(a), 820(a))

25. The Second Claim is asserted by Plaintiff against Defendants CITY OF ATWATER, ATWATER POLICE DEPARTMENT, MIACHAEL SALVADOR, EVAN PITNEY, and DOES 1 to 20.

26. Plaintiff realleges and incorporates the allegations of the preceding paragraphs 1 to 24, to the extent relevant, as if fully set forth in this Claim.

27. Defendants MIACHAEL SALVADOR, EVAN PITNEY and DOES 1 to 20, acting or purporting to act in the performance of their official duties as law enforcement officers, used excessive and unreasonable force against Plaintiff, or aided and abetted the use of excessive and unreasonable force against Plaintiff, in violation of her rights protected by Art. I, § 13 of the California Constitution.

28. Defendants ATWATER POLICE DEPARTMENT, MIACHAEL SALVADOR, and DOES 1 to 20, acting under color of state law, knew or should have known that law enforcement officers under their command, including Defendants, PITNEY and DOES 1 to 20, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning the use of excessive and unreasonable force against persons contacted, resulting in the violation of Plaintiff's rights protected by Art. I, § 13 of the California Constitution.

29. Defendants MIACHAEL SALVADOR, EVAN PITNEY, and DOES 1 to 20 actions against Plaintiff intruded on Plaintiff's privacy, interfered with Plaintiff's liberty and were a meaningful interference with Plaintiff's possessory interests in the residence which implicated Plaintiff's Fourth Amendment rights.

30. Defendants CITY OF ATWATER and ATWATER POLICE DEPARTMENT are indirectly and vicariously liable, through the principles of respondeat superior, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants SALVADOR, PITNEY and DOES 1 to 20.

31. Defendants MIACHAEL SALVADOR, EVAN PITNEY and DOES 1 to 20 actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff.

32. As a direct and proximate result of Defendants ATWATER POLICE DEPARTMENT, MIACHAEL SALVADOR, EVAN PITNEY, and DOES 1 to 20's actions and inactions, Plaintiff suffered injuries entitling Plaintiff to receive compensatory damages against Defendants CITY OF ATWATER, ATWATER POLICE DEPARTMENT, MIACHAEL SALVADOR, EVAN PITNEY, and DOES 1 to 50, and punitive damages against Defendants SALVADOR, PITNEY and DOE 1 to 50.

WHEREFORE, Plaintiff prays for relief as hereunder appears.

## THIRD CLAIM

### Bane Act

**(Cal. Civ. Code § 52.1(b); Cal. Code Civ. Proc. §§ 377.30, 377.60; Cal. Gov. Code §§ 815.2(a), 820(a))**

<u>Unreasonable Force</u>

33. The Third Claim (for "Unreasonable Force") is asserted by Plaintiff against Defendants CITY OF ATWATER, ATWATER POLICE DEPARTMENT, MIACHAEL SALVADOR, EVAN PITNEY, and DOES 1 to 50.

34. Plaintiff realleges and incorporates the allegations of the preceding paragraphs 1 to 32, to the extent relevant, as if fully set forth in this Claim.

35. Defendants MIACHAEL SALVADOR, EVAN PITNEY and DOES 1 to 20, acting or purporting to act in the performance of their official duties as law enforcement officers used excessive and unreasonable force against Plaintiff, or failed to intercede in, were integral participants to, and/or aided and abetted the use of excessive and unreasonable force against Plaintiff, with specific intent to deprive her rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution and/or Art. I, § 13 of the California Constitution.

36. Defendants CITY OF ATWATER, ATWATER POLICE DEPARTMENT, MIACHAEL SALVADOR, EVAN PITNEY, and DOES 1 to 20, acting under color of state law and as policy-making authorities, knew or should have known that law enforcement officers under their command, including Defendants SALVADOR, PITNEY, and DOES 1 to 20, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning the use of excessive and unreasonable force against persons contacted, resulting in the

7

violation of Plaintiff's rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution and Art. I, § 13 of the California Constitution.

37. Defendants CITY OF ATWATER and ATWATER POLICE DEPARTMENT are indirectly and vicariously liable, through the principles of respondeat superior, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants SALVADOR, PITNEY, and DOES 1 to 50.

38. Defendants MIACHAEL SALVADOR, EVAN PITNEY, and DOES 1 to 50 actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff.

39. As a direct and proximate result of Defendants CITY OF ATWATER, ATWATER POLICE DEPARTMENT, MIACHAEL SALVADOR, EVAN PITNEY, LORI WATERMAN, and DOES 1 to 50's actions and inactions, Plaintiff suffered injuries entitling Plaintiff to receive compensatory damages and statutory penalties against Defendants CITY OF ATWATER, ATWATER POLICE DEPARTMENT, MIACHAEL SALVADOR, EVAN PITNEY, LORI WATERMAN, and DOES 1 to 50, and punitive damages against Defendants MIACHAEL SALVADOR, EVAN PITNEY, LORI WATERMAN and DOES 1 to 50.

### FOURTH CLAIM

### Assault

(Cal. Code Civ. Proc. § 377.30; Cal. Gov. Code §§ 815.2(a), 820(a))

40. The Fourth Claim is asserted by Plaintiff against Defendants MIACHAEL SALVADOR, EVAN PITNEY, LORI WATERMAN, and DOES 1 to 20.

41. Plaintiff realleges and incorporates the allegations of the preceding paragraphs 1 to 39 to the extent relevant, as if fully set forth in this Claim.

42. Defendants MIACHAEL SALVADOR, EVAN PITNEY, LORI WATERMAN and DOES 1 to 20 intentionally threatened to touch or aided and abetted in the intentional threat to the touching of Plaintiff, without consent, and that such threats of touching constituted an assault upon Plaintiff, an abuse of power by Defendant WATERMAN and the use of excessive and unreasonable force by Defendants SALVADOR, PITNEY, WATERMAN and DOES 1 to 20. Such conduct was extreme and outrageous and would be deemed highly offensive to a reasonable person.

43. Defendants CITY OF ATWATER and ATWATER POLICE DEPARTMENT are indirectly and vicariously liable, through the principles of respondeat superior, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants SALVADOR, PITNEY, WATERMAN and DOES 1 to 20.

44. Defendants SALVADOR, PITNEY, WATERMAN and DOES 1 to 20 actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff.

45. As a direct and proximate result of Defendants MIACHAEL SALVADOR, EVAN PITNEY, LORI WATERMAN and DOES 1 to 20 actions and inactions, Plaintiff suffered injuries entitling Plaintiff to receive compensatory damages against Defendants CITY OF ATWATER, ATWATER POLICE DEPARTMENT, SALVADOR, PITNEY, WATERMAN and DOES 1 to 20.

WHEREFORE, Plaintiff prays for relief as hereunder appears.

## FIFTH CLAIM

### (Breach of Covenant of Quiet Enjoyment)

### (Cal. Civ. Code § 1927)

46. The Fifth Claim is asserted by Plaintiff against Defendant LORI WATERMAN.

47. Plaintiff realleges and incorporates the allegations of the preceding paragraphs 1 to 43, to the extent relevant, as if fully set forth in this Claim.

48. Implied in the rental agreement between WATERMAN and Plaintiff is a covenant that the WATERMAN would not and will not interfere with Plaintiff's quiet enjoyment of the residential property during the term of Plaintiffs' tenancy. This covenant of quiet enjoyment is codified in California Civil Code Section 1927.

49. WATERMAN has breached the implied covenant of quiet enjoyment as alleged herein, including, but not limited to her multiple attempts to force Plaintiff into allowing WATERMAN and/or WATERMAN'S agent into the residence by the use of threats and intimidation and WATERMANS' solicitation of members of the ATWATER POLICE DEPARTMENT, specifically SALVADOR and PITNEY, for the sole purpose of having SALVADOR and PITNEY act as WATERMAN'S own personal enforcement agents for issues outside the scope, realm, or any police related issues.

50. As a direct and proximate result of WATERMANS' breach of the covenant of quiet

enjoyment Plaintiff has been damaged in an amount to be established at trial.

51.  As a direct and proximate result of WATERMANS' conduct, Plaintiff has sustained general and special damages in amounts to be determined at trial.

WHEREFORE, Plaintiff prays for relief as hereunder appears.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks Judgment as follows:

1.  For an award of compensatory, general, and special damages against Defendants CITY OF ATWATER, ATWATER POLICE DEPARTMENT, MICHAEL SALVADOR, EVEN PITNEY, LORI WATERMAN, and DOES 1 to 50, according to proof at trial;

2.  For an award of exemplary/punitive damages against Defendants MICHAEL SALVADOR, EVEN PITNEY, and DOES 1 to 50, in an amount sufficient to deter and to make an example of them, because their actions and/or inactions, as alleged, were motivated by evil motive or intent, involved reckless or callous indifference to constitutionally protected rights, or were wantonly or oppressively done, and/or constituted oppression and/or malice resulting in great harm;

3.  For an award of statutory penalties, pursuant to Cal. Civ. Code § 52.1 and any other statute as may be applicable;

4.  For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, Cal. Civ. Code § 52.1, Cal. Code Civ. Proc. § 1021.5, and any other statute as may be applicable; and

5.  For an award of any other further relief, as the Court deems fair, just, and equitable.

Dated: November 28, 2021                                      Respectfully Submitted

By: *Lawrence T. Niermeyer*
LAWRENCE T. NIERMEYER
MOORAD, CLARK & STEWART
1420 F Street, second Floor
Modesto, Ca 95354
Telephone: (209) 526-0522
Facsimile: (209) 526-4703

Attorneys for Plaintiff:
SANDRA LEE RAHN

## DEMAND FOR JURY TRIAL

A JURY TRIAL IS DEMANDED on behalf of Plaintiff.

Dated: 4/28, 2021

Respectfully Submitted

By: *Lawrence T. Niermeyer*
LAWRENCE T. NIERMEYER
MOORAD, CLARK & STEWART
1420 F Street, second Floor
Modesto, Ca 95354
Telephone: (209) 526-0522
Facsimile: (209) 526-4703

Attorneys for Plaintiff:
SANDRA LEE RAHN